**IN THE COURT OF APPEALS OF IOWA**

No. 18-1875
Filed February 6, 2019

**IN THE INTEREST OF B.R.,**
**Minor Child,**

**M.B., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Jones County, Deborah Farmer Minot, District Associate Judge.

    A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

    Deborah M. Skelton, Walford, for appellant mother.

    Thomas J. Miller, Attorney General, and John McCormally (until withdrawal) and Anagha Dixit, Assistant Attorneys General, for appellee State.

    John D. Jacobsen of Jacobsen, Johnson & Wiezorek, Cedar Rapids, guardian ad litem for minor child.

    Considered by Vogel, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2013. She contends the record lacks clear and convincing evidence to support the grounds for termination cited by the district court and termination is not in the child's best interests.[1]

The district court terminated the mother's parental rights pursuant to two Code provisions. We may affirm if we find clear and convincing evidence to support either ground. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We will focus on Iowa Code section 232.116(1)(f) (2018), which requires proof of several elements, including proof the child could not be returned to the parent's custody at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

The mother was arrested while shoplifting and was charged with possession of methamphetamine and prescription drugs not belonging to her. She informed a department of human services investigator that she had used methamphetamine "off and on for 10 years." A drug test was positive for amphetamines and marijuana metabolite. A hair test on the child was positive for methamphetamines and THC metabolite. The mother stipulated to having the child adjudicated in need of assistance, and he was placed with his grandparents.

The mother failed to appear for drug tests. Days before the first of two termination hearings, a department supervisor reported "ongoing concerns for . . . substance abuse and mental health." The supervisor cited the mother's failure to

---

[1] The father consented to termination of his parental rights. He does not appeal.

comply with "any drug testing through DHS during [the] reporting period" and her admission to a service provider that she had used marijuana and methamphetamine just two months before the first hearing. At the hearing, the mother admitted her longest period of sobriety was one month.

Following the first termination hearing, the district court concluded the child could not be returned to the mother's custody and termination was in the child's best interests. The court nonetheless declined to terminate the mother's parental rights pending a second hearing to address the father's progress.

At the second termination hearing three and one-half months later, the mother admitted to continued use of "marijuana up until a few weeks ago." She further conceded drug test results introduced that day were positive for marijuana. Finally, she testified to enrolling in a twenty-eight day inpatient drug-treatment program following the first termination hearing but spending less than a week in the program. She did not request immediate return of the child to her custody. Instead, she sought additional time to work toward reunification.

After the second hearing, the district court reaffirmed its conclusions that section 232.116(1)(f) was satisfied and termination of the mother's parental rights was in the child's best interests. The court declined to grant the mother additional time to work toward reunification. On our de novo review, we agree with the court's detailed findings and conclusions. We affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**